**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| KIDS RIDE SHOTGUN LIMITED, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     v. | )  Case No.: 23-cv-04804 |
| | ) |
| THE INDIVIDUALS, CORPORATIONS, LIMITED | ) |
| LIABILITY COMPANIES, PARTNERSHIPS, AND | ) |
| UNINCORPORATED ASSOCIATIONS | ) |
| IDENTIFIED ON SCHEDULE A HERETO, | ) |
| | ) |
|     Defendants. | ) |
| | ) |

**COMPLAINT**

Plaintiff KIDS RIDE SHOTGUN LIMITED ("Plaintiff"), hereby alleges as follows against the individuals, corporations, limited liability companies, partnerships, and unincorporated associations and foreign entities identified on **Schedule A** attached hereto (collectively, "Defendants"):

**INTRODUCTION**

1.    This action has been filed by Plaintiff to combat online counterfeiters who trade upon Plaintiff's reputation and goodwill by advertising, selling and/or offering for sale products in connection with both Plaintiff's "SHOTGUN" trademark, which is covered by U.S. Trademark Registration No. 6103063 (the "KIDS RIDE SHOTGUN Trademark"); and copyrights, which are covered by U.S. Copyright Office Registration No. VA 2-287-034, being a registration for a group of photographs of Plaintiff's products and U.S. Copyright Office Registration No. VA 2-287-035, being a registration for a group of photographs of Plaintiff's products (collectively, the "KIDS RIDE SHOTGUN IMAGES Copyright Registrations"). The registrations are valid, subsisting, and in full force and effect. True and correct copies of the federal copyright registration certificates

for the KIDS RIDE SHOTGUN IMAGES Copyright Registrations and the federal trademark registration certificate for the KIDS RIDE SHOTGUN Trademark is attached hereto as **Exhibit 1**.

2.     The Defendants likewise advertise, market and/or sell unauthorized imitations of Plaintiff's genuine products (the "Counterfeit Products") by reference to Plaintiff's KIDS RIDE SHOTGUN trademark and KIDS RIDE SHOTGUN IMAGES Copyright Registrations, which causes further confusion and deception in the marketplace. The Defendants create numerous fully interactive commercial internet stores operating under the Defendant domain names and/or the online marketplace accounts identified in Schedule A attached hereto (collectively, the "Defendant Internet Stores"). The Defendants design the Defendant Internet Stores to appear to be selling genuine Plaintiff products, while selling inferior imitations of Plaintiff's products. The Defendant Internet Stores share unique identifiers, such as design elements and similarities of the counterfeit products offered for sale, establishing a logical relationship between them and suggesting that Defendants' illegal operations arise out of the same transaction, occurrence, or series of transactions or occurrences. Defendants attempt to avoid liability by going to great lengths to conceal both their identities and the full scope and interworking of their illegal counterfeiting operation.

3.     Plaintiff is forced to file this action to combat Defendants' counterfeiting of Plaintiff's KIDS RIDE SHOTGUN trademark and KIDS RIDE SHOTGUN IMAGES Copyright Registrations, as well as to protect unknowing consumers from purchasing unauthorized Plaintiff products over the Internet. Plaintiff has been and continues to be irreparably damaged through consumer confusion, dilution, and tarnishment of their valuable copyrights and goodwill as a result of Defendants' actions and seek injunctive and monetary relief.

4.     This Court has personal jurisdiction over each Defendant, in that each Defendant conducts significant business in Illinois and in this Judicial District, and the

acts and events giving rise to this lawsuit of which each Defendant stands accused were undertaken in Illinois and in this Judicial District. In addition, each Defendant has offered to sell and ship infringing products into this Judicial District.

## JURISDICTION AND VENUE

5.     This Court has original subject matter jurisdiction over the copyright claim pursuant to the Copyright Laws of the United States, 17 U.S.C. § 101 et seq., 28 U.S.C. § 1338(a)–(b), and 28 U.S.C. § 1331. This Court has original subject matter jurisdiction over the trademark infringement and false designation of origin claim in this action pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051 et seq., 28 U.S.C. § 1338(a)–(b), and 28 U.S.C. § 1331.

6.     This Court has jurisdiction over the unfair deceptive trade practices claim in this action that arise under the laws of the State of Illinois pursuant to 28 U.S.C. § 1367(a) because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

7.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants, because each of the Defendants directly targets consumers in the United States, including Illinois, through at least Defendant Internet Stores. Specifically, Defendants are reaching out to do business with Illinois residents by operating one or more commercial, interactive Internet Stores through which Illinois residents can purchase Counterfeit Products that are advertised by way of images strikingly similar to Plaintiff's KIDS RIDE SHOTGUN trademark and/or KIDS RIDE SHOTGUN IMAGES Copyright Registrations. Each Defendant has targeted sales from Illinois residents by operating online stores that offer shipping to the United States, including Illinois, accept payment in U.S. dollars, and, on information and belief, has sold and marketed Counterfeit Products to residents of Illinois by reference to images substantially similar to Plaintiff's KIDS RIDE SHOTGUN trademark and KIDS

3

RIDE SHOTGUN IMAGES Copyright Registrations. Each of the Defendants is committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the State of Illinois. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b)(2) and 1400(a) because Defendants have committed acts of copyright infringement and/or trademark infringement in this judicial district, do substantial business in the judicial district, have registered agents in this judicial district, and reside or may be found in this district.

## THE PLAINTIFF

8.    Plaintiff Kids Ride Shotgun Limited is a limited liability company organized under the laws of New Zealand with offices in Mount Maunganui, New Zealand and is the owner of the KIDS RIDE SHOTGUN IMAGES Copyright Registrations and the KIDS RIDE SHOTGUN Trademark (with its federal registrations attached as Exhibit 1).

9.    Plaintiff has earned an international reputation for innovation in the sporting goods industry and is credited for designing mountain bike attachments suitable for children's use.

10.    In June 2017, Plaintiff designed, caused to subsist in material form and first published the original Kids Ride Shotgun bike seat, originally published on the Plaintiff's website "KidsRideShotgun.com" and instantly attracted substantial international media attention and success. Shortly after, in March 2018, Plaintiff designed and caused to subsist in material form the original Kids Ride Shotgun handlebars, originally published on Plaintiff's website "KidsRideShotgun.com". In July 2019, Plaintiff caused to subsist in material form and published photographs on Plaintiff's website "KidsRideShotgun.com" depicting the Kids Ride Shotgun bike seat and handlebars ("Kids Ride Shotgun Products"). In February 2022, Plaintiff applied for the registration of the now federally registered KIDS RIDE SHOTGUN IMAGES Copyright Registrations in respect of the KIDS RIDE SHOTGUN images themselves

4

(the "KIDS RIDE SHOTGUN Images"). The effective date of the KIDS RIDE SHOTGUN IMAGES Copyright Registrations are 03 February, 2022. Exemplary copies of the images depicting Kids Ride Shotgun Products were deposited with the United States Copyright Office and remains available for inspection there. For ease of reference, please see below exemplary KIDS RIDE SHOTGUN Images as published by Plaintiff to advertise and market Kids Ride Shotgun Products, still available for sale today:



11.     From June 2017 to the present, Plaintiff is and has been the official source of genuine Kids Ride Shotgun Products in the United States, which are depicted in the following copyrighted images:

 

12.     The KIDS RIDE SHOTGUN Trademark is distinctive and identifies the merchandise as goods from Plaintiff. The registration for the KIDS RIDE SHOTGUN Trademark constitutes prima facie evidence of its validity and of Plaintiff's exclusive right to use that trademark pursuant to 15 U.S.C. § 1057(b).

13.     The KIDS RIDE SHOTGUN Trademark qualifies as a famous mark, as that term is used in 15 U.S.C. §1125(c)(1), and has been continuously used and never abandoned.

14.     Plaintiff has expended substantial time, money, and other resources in developing, advertising, and otherwise promoting the Kids Ride Shotgun Products. As a result, products marketed with KIDS RIDE SHOTGUN Images and the KIDS RIDE SHOTGUN TRADEMARK are widely recognized and exclusively associated by consumers, the public, and the trade as being products sourced from Plaintiff.

15.     Plaintiff also owns all exclusive rights, including without limitation the rights to reproduce the copyrighted works in copies, to prepare derivative works based upon the copyrighted works, and to distribute copies of the copyrighted works to the public by sale or other transfer of ownership, or by rental, lease, or lending, in various copyrights for the KIDS RIDE SHOTGUN Products, including without limitation copyrights covered by the KIDS RIDE SHOTGUN Copyright Registrations.

**THE DEFENDANTS**

16.     Defendants are individuals and business entities who, upon information and belief, reside mainly in the People's Republic of China or other foreign jurisdictions. Defendants conduct business throughout the United States, including within Illinois and in this Judicial District, through the operation of the fully interactive commercial websites and online marketplaces operating under the Defendant Internet Stores. Each Defendant targets the United States, including Illinois, and has offered to sell and, on information and belief, has sold and continues to use KIDS RIDE SHOTGUN Images

and the KIDS RIDE SHOTGUN Trademark to sell Counterfeit Products to consumers within the United States, including Illinois and in this Judicial District.

17.     Defendants are merchants operating storefronts on online marketplace platforms including but not limited alibaba.com, aliexpress.com, amazon.com, dhgate.com, ebay.com, and walmart.com, which, upon information and belief, are owned by or registered to:

   a. Alibaba.com ("Alibaba") is a website registered to Alibaba Cloud Computing (Beijing) Co., Ltd. with a registration address in Zhejiang, China;

   b. Aliexpress.com ("AliExpress") is a website registered to Alibaba Cloud Computing (Beijing) Co., Ltd. with a registration address in Guang Xi, China;

   c. Amazon.com, Inc. ("Amazon"), a Washington corporation with a principal place of business at 410 Terry Ave N, Seattle 98109 WA;

   d. Dhgate.com ("DHgate") is a website registered to eName Technology Co., with a registration address in Beijing, China;

   e. eBay, Inc. ("eBay"), a California corporation with a principal place of business at 2025 Hamilton Avenue, San Jose, California 95125;

   f. Walmart, Inc. ("Walmart") is a Delaware corporation with a principal place of business at 702 S.W. 8th St. Bentonville, Arkansas 72716; and

### THE DEFENDANTS' UNLAWFUL CONDUCT

18.     The success of the Kids Ride Shotgun brand has resulted in its counterfeiting. Plaintiff has identified numerous domain names linked to fully interactive websites and marketplace listings on platforms such as Alibaba, AliExpress, Amazon, DHgate, eBay, and Walmart including the Defendant Internet Stores, which were offering for sale, selling, and importing Counterfeit Products to consumers in this Judicial District and throughout the United States. Defendants market and sell Counterfeit Products by including KIDS RIDE SHOTGUN Images and the KIDS RIDE SHOTGUN Trademark in their listings. Defendants have persisted in creating the Defendant Internet

Stores. Internet websites like the Defendant Internet Stores are estimated to receive tens of millions of visits per year and to generate over $135 billion in annual online sales. According to an intellectual property rights seizures statistics report issued by the United States Department of Homeland Security, the manufacturer's suggested retail price of goods seized by the U.S. government in fiscal year 2020 was over $1.3 billion. Internet websites like the Defendant Internet Stores are also estimated to contribute to tens of thousands of lost jobs for legitimate businesses and broader economic damages such as lost tax revenue every year.

19.     On personal knowledge and belief, Defendants facilitate sales by designing the Defendant Internet Stores so that they appear to unknowing consumers to be authorized online retailers, outlet stores, or wholesalers selling genuine Kids Ride Shotgun products. Many of the Defendant Internet Stores look sophisticated and accept payment in U.S. dollars via credit cards, Western Union, and PayPal. Defendant Internet Stores often include images and design elements that make it very difficult for consumers to distinguish such counterfeit sites from an authorized website. Defendants further perpetuate the illusion of legitimacy by offering "live 24/7" customer service and using indicia of authenticity and security that consumers have come to associate with authorized retailers, including the McAfee® Security, VeriSign®, Visa®, MasterCard®, and PayPal® logos.

20.     Plaintiff has not licensed or authorized Defendants to use the KIDS RIDE SHOTGUN Trademark or KIDS RIDE SHOTGUN IMAGES Copyright Registrations, and none of the Defendants are authorized retailers of genuine Kids Ride Shotgun Products.

21.     On personal knowledge and belief, Defendants deceive unknowing consumers by using the KIDS RIDE SHOTGUN Trademark and/or the KIDS RIDE SHOTGUN Images without authorization within the content, text, and/or meta tags of their websites to attract various search engines crawling the Internet looking for websites

8

relevant to consumer searches for KIDS RIDE SHOTGUN Products. Additionally, upon information and belief, Defendants use other unauthorized search engine optimization ("SEO") tactics and social media spamming so that the Defendant Internet Stores listings show up at or near the top of relevant search results and misdirect consumers searching for genuine KIDS RIDE SHOTGUN Products. Further, Defendants utilize similar illegitimate SEO tactics to propel new domain names to the top of search results after others are shut down. As such, Plaintiff also seeks to disable Defendant Internet Stores owned by Defendants that are the means by which the Defendants could continue to sell Counterfeit Products into this District.

22.     On personal knowledge and belief, Defendants also deceive unknowing consumers by using the KIDS RIDE SHOTGUN Trademark and/or KIDS RIDE SHOTGUN IMAGES Copyright Registrations without authorization within the product descriptions of their Defendant Internet Stores to attract customers.

23.     On information and belief, Defendants go to great lengths to conceal their identities and often use multiple fictitious names and addresses to register and operate their massive network of Defendant Internet Stores. For example, it is common practice for counterfeiters to register their domain names with incomplete information, randomly typed letters, or omitted cities or states, as Defendants here have done. And many Defendant Internet Stores use privacy services that conceal the owners' identity and contact information. On personal knowledge and belief, Defendants regularly create new websites and online marketplace accounts on various platforms using the identities listed in Schedule A to the Complaint, as well as other unknown fictitious names and addresses. Such Defendant Internet Store registration patterns are one of many common tactics used by the Defendants to conceal their identities, the full scope and interworking of their massive counterfeiting operation, and to avoid being shut down.

24.     On personal knowledge and belief, even though Defendants operate under multiple fictitious names, there are numerous similarities among the Defendant Internet

Stores. For example, some of the Defendant websites have virtually identical layouts, even though different aliases were used to register the respective domain names. In addition, the Counterfeit KIDS RIDE SHOTGUN Products for sale in the Defendant Internet Stores bear similarities and indicia of being related to one another, suggesting that the Counterfeit KIDS RIDE SHOTGUN Products were manufactured by and come from a common source and that, upon information and belief, Defendants are interrelated. The Defendant Internet Stores also include other notable common features, including use of the same domain name registration patterns, unique shopping cart platforms, accepted payment methods, check-out methods, meta data, illegitimate SEO tactics, HTML user-defined variables, domain redirection, lack of contact information, identically or similarly priced items and volume sales discounts, similar hosting services, similar name servers, and the use of the same text and images.

25.     In addition to operating under multiple fictitious names, Defendants in this case and defendants in other similar cases against online counterfeiters use a variety of other common tactics to evade enforcement efforts. For example, counterfeiters like Defendants will often register new domain names or Online Marketplace Accounts under new aliases once they receive notice of a lawsuit.[1] Counterfeiters also often move website hosting to rogue servers located outside the United States once notice of a lawsuit is received. Rogue servers are notorious for ignoring take down demands sent by brand owners.[2] Counterfeiters also typically ship products in small quantities via international

_____

[1]     https://www.ice.gov/news/releases/buyers-beware-ice-hsi-and-cbp-boston-warn-consumers-about-counterfeit-goods-during (noting counterfeiters are "very adept at setting up online stores to lure the public into thinking they are purchasing legitimate good on legitimate websites.") (last visited June 14, 2023).

[2]     While discussed in the context of false pharma supply chains, rogue internet servers and sellers are a well-known tactic that have even been covered in

mail to minimize detection by U.S. Customs and Border Protection. A 2012 U.S. Customs and Border Protection report on seizure statistics indicated that the Internet has fueled "explosive growth" in the number of small packages of counterfeit goods shipped through the mail and express carriers.

26. Further, counterfeiters such as Defendants typically operate multiple credit card merchant accounts and PayPal accounts behind layers of payment gateways so that they can continue operation in spite of Plaintiff's enforcement efforts. On personal knowledge and belief, Defendants maintain off-shore bank accounts and regularly move funds from their PayPal accounts to off-shore bank accounts outside the jurisdiction of this Court. Indeed, analysis of PayPal transaction logs from previous similar cases indicates that offshore counterfeiters regularly move funds from U.S.-based PayPal accounts to foreign-based bank accounts outside the jurisdiction of this Court.

27. Defendants, without any authorization or license from Plaintiff, have knowingly and willfully used and continue to use the KIDS RIDE SHOTGUN Trademark and the KIDS RIDE SHOTGUN IMAGES Copyright Registrations in connection with the advertisement, distribution, offering for sale, and sale of Counterfeit Products into the United States and Illinois over the Internet. Each Defendant Internet Store offers shipping to the United States, including Illinois and, on information and belief, each Defendant has offered to sell Counterfeit KIDS RIDE SHOTGUN Products into the United States, including Illinois.

28. Defendants' use of the KIDS RIDE SHOTGUN Trademark and the KIDS RIDE SHOTGUN IMAGES Copyright Registrations in connection with the advertising, distribution, offering for sale, and sale of Counterfeit Products, including the sale of

---

congressional committee hearings. https://www.govinfo.gov/content/pkg/CHRG-113hhrg88828/html/CHRG-113hhrg88828.htm (last visited June 14, 2023).

Counterfeit Products into Illinois, is likely to cause and has caused confusion, mistake, and deception by and among consumers and is irreparably harming Plaintiff.

## COUNT I
### TRADEMARK INFRINGEMENT AND COUNTERFEITING (15 U.S.C. § 1114)
#### [Against Defendants Designated in Schedule A]

29.     Plaintiff repeats and incorporates by reference herein its allegations contained in paragraphs 1–28 of this Complaint.

30.     This is a trademark infringement action against Defendants based on their unauthorized use in commerce of counterfeit imitations of the registered KIDS RIDE SHOTGUN Trademark in connection with the sale, offering for sale, distribution, and/or advertising of infringing goods. The KIDS RIDE SHOTGUN Trademark is a highly distinctive mark. Consumers have come to expect the highest quality from Plaintiff's products provided under the KIDS RIDE SHOTGUN Trademark.

31.     Defendants have sold, offered to sell, marketed, distributed, and advertised, and are still selling, offering to sell, marketing, distributing, and advertising products in connection with the KIDS RIDE SHOTGUN Trademark without Plaintiff's permission. For example:




32.     Plaintiff is the registered owner of the KIDS RIDE SHOTGUN Trademark and official source of KIDS RIDE SHOTGUN Products. The United States Registration for the KIDS RIDE SHOTGUN Trademark (Exhibit 1) is in full force and effect. Upon information and belief, Defendants have knowledge of Plaintiff's rights in the KIDS RIDE SHOTGUN Trademark and are willfully infringing and intentionally using counterfeits of the KIDS RIDE SHOTGUN Trademark. Defendants' willful, intentional, and unauthorized use of the KIDS RIDE SHOTGUN Trademark is likely to cause and is causing confusion, mistake, and deception as to the origin and quality of the counterfeit goods among the general public.

33.     Defendants' activities constitute willful trademark infringement and counterfeiting under 15 U.S.C. §§ 1114, 1117.

34.     The injuries and damages sustained by Plaintiff has been directly and proximately caused by Defendants' wrongful reproduction, use, advertisement, promotion, offering to sell, and sale of counterfeit KIDS RIDE SHOTGUN products.

35.     Plaintiff has no adequate remedy at law, and, if Defendants' actions are not enjoined, Plaintiff will continue to suffer irreparable harm to its reputation and the goodwill of its well-known KIDS RIDE SHOTGUN Trademark.

## COUNT II
### COPYRIGHT INFRINGEMENT (17 U.S.C. § 101, et seq.)
### [Against Defendants Designated in Schedule A]

36.     Plaintiff repeats and incorporates by reference herein its allegations contained in paragraphs 1–35 of this Complaint.

37.     Plaintiff owns all exclusive rights, including without limitation the rights to reproduce the copyrighted work in copies, to prepare derivative works based upon the copyrighted work, and to distribute copies of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending, in various copyrights for KIDS RIDE SHOTGUN Images as the owner of the KIDS RIDE SHOTGUN copyrights,

including without limitation copyrights covered by the KIDS RIDE SHOTGUN IMAGES Copyright Registrations.

38.     Defendants have sold, offered to sell, marketed, distributed, and advertised, and are still selling, offering to sell, marketing, distributing, and advertising products in connection with the KIDS RIDE SHOTGUN IMAGES copyrights without Plaintiff's permission.

39.     Defendants had access to the KIDS RIDE SHOTGUN Images incorporating Plaintiff's registered copyrights before Defendants created their Defendant Internet Stores.

40.     Upon information and belief, Defendants have directly copied Plaintiff's copyrights for the KIDS RIDE SHOTGUN Images. Alternatively, Defendants' representations of Plaintiff's copyright for the KIDS RIDE SHOTGUN Images in the Defendant Internet Stores are strikingly similar, or at the very least substantially similar, to Plaintiff's copyrights for the KIDS RIDE SHOTGUN Images and constitute unauthorized copying, reproduction, distribution, creation of a derivative work, and/or public display of Plaintiff's copyrights for the KIDS RIDE SHOTGUN Images. As just one example, Defendants deceive unknowing consumers by using the KIDS RIDE

SHOTGUN Images without authorization within the product descriptions of their Defendant Online Store to attract customers as follows:



*Unauthorized use of KIDS RIDE SHOTGUN Images to sell Counterfeit*

*Products on exemplary Defendant Online Stores*

*compared to*



*Original Kids Ride Shotgun Images, federally registered under the KIDS RIDE*

*SHOTGUN IMAGES Copyright Registrations*

41.    Defendants' exploitation of Plaintiff's copyrights for the KIDS RIDE SHOTGUN Images in the Defendant Internet Stores constitutes infringement of Plaintiff's copyrights for the KIDS RIDE SHOTGUN Images.

42.    On information and belief, Defendants' infringing acts were willful, deliberate, and committed with prior notice and knowledge of Plaintiff's copyrights. Each Defendant willfully, wantonly, and in conscious disregard and intentional indifference to the rights of Plaintiff caused to be made and distributed in the United States, including this District, and aided, abetted, contributed to, and participated in the unauthorized making and distribution of the infringing Defendant Online Stores. Each Defendant either knew, or should have reasonably known, that Plaintiff's KIDS RIDE SHOTGUN Images were protected by copyright and their representations infringed on Plaintiff's copyrights. Each Defendant continues to infringe upon Plaintiff's rights in and to the copyrighted works.

43.    As a direct and proximate result of their wrongful conduct, Defendants have realized and continue to realize profits and other benefits rightfully belonging to Plaintiff. Accordingly, Plaintiff seeks an award of damages pursuant to 17 U.S.C. § 504.

44.    In addition to Plaintiff's actual damages, Plaintiff is entitled to receive the profits made by the Defendants from their wrongful acts, pursuant to 17 U.S.C. § 504(b). Each Defendant should be required to account for all gains, profits, and advantages derived by each Defendant from their acts of infringement.

45.    In the alternative, Plaintiff is entitled to, and may elect to choose statutory damages pursuant to 17 U.S.C. § 504(c), which should be enhanced by 17 U.S.C. § 504(c)(2) because of Defendants' willful copyright infringement.

46.    Plaintiff is entitled to, and may elect to choose, injunctive relief under 17 U.S.C. § 502, enjoining any use or exploitation by Defendants of their infringing works

16

and for an order under 17 U.S.C. § 503 that any of Defendants' infringing images be impounded and destroyed.

47.     Plaintiff seeks and is also entitled to recover reasonable attorneys' fees and costs of suit pursuant to 17 U.S.C. § 505.

48.     Plaintiff has no adequate remedy at law, and, if Defendants' actions are not enjoined, Plaintiff will continue to suffer irreparable harm to their reputation and the goodwill of their well-known KIDS RIDE SHOTGUN IMAGES copyrights.

### COUNT III
**FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))**
**[Against Defendants Designated in Schedule A]**

49.     Plaintiff repeats and incorporate by reference herein its allegations contained in paragraphs 1–48 of this Complaint.

50.     Defendants' promotion, marketing, offering for sale, and sale of counterfeit KIDS RIDE SHOTGUN Products has created and is creating a likelihood of confusion, mistake, and deception among the general public as to the affiliation, connection, or association with Plaintiff or the origin, sponsorship, or approval of Defendants' counterfeit KIDS RIDE SHOTGUN Products by Plaintiff.

51.     By using the KIDS RIDE SHOTGUN Trademark in connection with the sale of counterfeit KIDS RIDE SHOTGUN products, Defendants create a false designation of origin and a misleading representation of fact as to the origin and sponsorship of the counterfeit KIDS RIDE SHOTGUN products.

52.     Defendants' conduct constitutes willful false designation of origin and misrepresentation of fact as to the origin and/or sponsorship of the counterfeit KIDS RIDE SHOTGUN Products to the general public under 15 U.S.C. §§ 1114, 1125.

53.     Plaintiff has no adequate remedy at law, and, if Defendants' actions are not enjoined, Plaintiff will continue to suffer irreparable harm to their reputation and the goodwill of their brand.

## COUNT IV
**VIOLATION OF ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT**
**(815 ILCS § 510/1, et seq.)**
**[Against Defendants Designated in Schedule A]**

54.     Plaintiff repeats and incorporates by reference herein its allegations contained in paragraphs 1–53 of this Complaint.

55.     Defendants have engaged in acts violating Illinois law including, but not limited to, passing off their counterfeit KIDS RIDE SHOTGUN products as those of Plaintiffs, causing a likelihood of confusion and/or misunderstanding as to the source of their goods, causing a likelihood of confusion and/or misunderstanding as to an affiliation, connection, or association with genuine KIDS RIDE SHOTGUN products, representing that their products have Plaintiff's approval when they do not, and engaging in other conduct which creates a likelihood of confusion or misunderstanding among the public.

56.     The foregoing acts of Defendants constitute a willful violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS § 510/1, et seq.

57.     Plaintiff has no adequate remedy at law, and Defendants' conduct has caused Plaintiff to suffer damage to their reputation and goodwill. Unless enjoined by the Court, Plaintiff will suffer future irreparable harm as a direct result of Defendants' unlawful activities.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants and each of them as follows:

1.     That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

    a.      using the KIDS RIDE SHOTGUN TRADMARK or KIDS RIDE SHOTGUN IMAGES Copyright Registrations or any reproductions thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine KIDS RIDE SHOTGUN Product or is not authorized by Plaintiff to be sold in connection with the KIDS RIDE SHOTGUN Trademark or KIDS RIDE SHOTGUN IMAGES Registered Copyrights;

    b.      passing off, inducing, or enabling others to sell or pass off any product as a genuine KIDS RIDE SHOTGUN Product or any other product produced by Plaintiff that is not Plaintiff's or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale in connection with the KIDS RIDE SHOTGUN Trademark or KIDS RIDE SHOTGUN IMAGES Copyright Registrations;

    c.      committing any acts calculated to cause consumers to believe that Defendants' Counterfeit Products are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

    d.      further infringing the KIDS RIDE SHOTGUN Trademark or KIDS RIDE SHOTGUN IMAGES Copyright Registrations and damaging Plaintiff's goodwill;

    e.      otherwise competing unfairly with Plaintiff in any manner;

    f.      shipping, delivering, holding for sale, transferring, or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale,

and which copy or are sold by reference to any Plaintiff copyright, including the KIDS RIDE SHOTGUN Trademark or KIDS RIDE SHOTGUN IMAGES Copyright Registrations or any reproductions thereof;

g. using, linking to, transferring, selling, exercising control over, or otherwise owning the online marketplace accounts, the Defendant Internet Stores, or any other domain name or online marketplace account that is being used to sell or is the means by which Defendants could continue to sell Counterfeit Products; and

h. operating and/or hosting websites at the Defendant Internet Stores and any other domain names registered or operated by Defendants that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product by reference to the KIDS RIDE SHOTGUN Trademark or KIDS RIDE SHOTGUN IMAGES Copyright Registrations or any reproduction thereof that is not a genuine KIDS RIDE SHOTGUN Product or not authorized by Plaintiff to be sold in connection with the KIDS RIDE SHOTGUN Trademark or KIDS RIDE SHOTGUN IMAGES Copyright Registrations.

2. That Defendants, within fourteen (14) days after service of judgment with notice of entry thereof upon them, be required to file with the Court and serve upon Plaintiff a written report under oath setting forth in detail the manner and form in which Defendants have complied with paragraph 1 above;

3. Entry of an Order that, at Plaintiff's choosing, the registrant of the Defendant Internet Stores shall be changed from the current registrant to Plaintiff, and that the domain name registries for the Defendant Internet Stores, including, but not limited to, Alibaba, AliExpress, Amazon, DHGate, eBay, and Walmart shall unlock and

change the registrar of record for the Defendant Internet Stores to a registrar of Plaintiff's selection, and that the domain name registrars take any steps necessary to transfer the Defendant Internet Stores to a registrar of Plaintiff's selection; or that the same domain name registries shall disable the Defendant Internet Stores and make them inactive and untransferable;

4. Entry of an Order that, upon Plaintiff's request, those in privity with Defendants and those with notice of the injunction, including any online marketplaces such as Amazon, DHGate, eBay, Walmart, PayPal, Alibaba Group Holding Ltd., Alipay.com Co., Ltd., and any related Alibaba entities (collectively, "Alibaba"), social media platforms such as Facebook, YouTube, LinkedIn, Twitter, Internet search engines such as Google, Bing and Yahoo, web hosts for the Defendant Internet Stores, and domain name registrars, shall:

  a. disable and cease providing services for any accounts through which Defendants engage in the sale of counterfeit KIDS RIDE SHOTGUN products marketed by images including the KIDS RIDE SHOTGUN Trademark or similar to images protected by KIDS RIDE SHOTGUN IMAGES Copyright Registrations, including any accounts associated with the Defendants listed on Schedule A;

  b. disable and cease displaying any advertisements used by or associated with Defendants that use images substantially similar to the images protected under KIDS RIDE SHOTGUN IMAGES Copyright Registrations or KIDS RIDE SHOTGUN Trademark; and

  c. take all steps necessary to prevent links to the Defendant Internet Stores identified on Schedule A from displaying in search results,

including, but not limited to, removing links to the Defendant Internet Stores from any search index.

5.      That Defendants account for and pay to Plaintiff all profits realized by Defendants by reason of Defendants' unlawful acts herein alleged.

6.      In the alternative, that Plaintiff be awarded statutory damages pursuant to 15 U.S.C. § 1117(c) of not less than $1,000 and not more than $2,000,000 for each and every use of the KIDS RIDE SHOTGUN Trademark and statutory damages of not less than $750 and not more than $30,000 for each and every infringement of Plaintiff's copyrights pursuant to 17 U.S.C. § 504(c), which should be enhanced to a sum of not more than $150,000 by 17 U.S.C. § 504(c)(2) because of Defendants' willful copyright infringement;

7.      That Plaintiff be awarded its reasonable attorneys' fees and costs; and

8.      Award any and all other relief that this Court deems just and proper.


Dated: July 24, 2023                    Respectfully submitted,

                                        BOIES SCHILLER FLEXNER LLP


                                        By: /s/ Rossana Baeza
                                        Rossana Baeza
                                        BOIES SCHILLER FLEXNER LLP
                                        100 SE 2nd Street, Suite 2800
                                        Miami, FL 33131
                                        (305) 357-8415
                                        rbaeza@bsfllp.com

                                        Attorneys for Plaintiff
                                        Kids Ride Shotgun Limited