IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KIDS RIDE SHOTGUN LIMITED, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No.: 23-cv-04804 |
| ) | |
| THE INDIVIDUALS, CORPORATIONS, ) | **Judge Honorable Thomas M.** |
| LIMITED LIABILITY COMPANIES, ) | **Durkin** |
| PARTNERSHIPS, AND UNINCORPORATED ) | |
| ASSOCIATIONS IDENTIFIED ON SCHEDULE ) | **Magistrate Judge Sunil R. Harjani** |
| A TO THE COMPLAINT, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S
MOTION FOR ENTRY OF A PRELIMINARY INJUNCTION**

Plaintiff KIDS RIDE SHOTGUN LIMITED ("Plaintiff") submits this Memorandum in support of its Motion for Entry of a Preliminary Injunction ("Motion").

**MEMORANDUM OF LAW**

I.    **INTRODUCTION AND SUMMARY OF ARGUMENT**

Plaintiff KIDS RIDE SHOTGUN LIMITED ("Plaintiff") brings this action against the Defendants identified on the Schedule A to the Complaint (collectively, the "Defendants") for federal trademark infringement and counterfeiting (Count I), federal copyright infringement (Count II), false designation of origin (Count III), and violation of the Illinois Uniform Deceptive Trade Practices Act (Count IV). As alleged in the Complaint, Defendants are promoting, advertising, marketing, distributing, offering for sale, and selling counterfeit products in connection with Plaintiff's federally registered trademark and copyrights (collectively, the "Counterfeit Products"), through various fully interactive commercial Internet websites operating under at least the Defendant Domain Names and Online Marketplace Accounts listed in the Schedule A to the Complaint (collectively, the "Defendant Internet Stores"). In short, Defendants run a counterfeiting operation with disregard for anything except generating profits.

In its Motion for Temporary Restraining Order and supporting filings (Dkt Nos. 9–14), which are referenced and incorporated herein, Plaintiff outlined its entitlement to emergency injunctive relief under this Circuit's standards. On September 20, 2023, the Court entered a Temporary Restraining Order ("TRO"). (Dkt. No. 19.) The TRO was extended on October 5, 2023, and is currently in effect until October 18, 2023. (Dkt. No. 21.)

The TRO authorized Plaintiff to provide notice of these proceedings to Defendants by electronically publishing a link to the Complaint, the TRO, and other relevant documents on a website and by sending an e-mail with a link to said website to the e-mail addresses provided for Defendants by third parties. Since and pursuant to entry of the TRO, upon information and belief

2

the accounts identified to date by the third parties as associated with the Defendant Internet Stores have been frozen. *See* Declaration of Genesis Shin (hereinafter "Shin Decl.") ¶ 5.

Plaintiff respectfully requests that this Court convert the TRO to a preliminary injunction against Defendants so that they remain enjoined from the manufacture, importation, distribution, offering for sale, and sale of Counterfeit Products during the pendency of this litigation. As part of the Preliminary Injunction, Plaintiff requests that the Defendant Domain Names remain disabled, that advertising of Defendants' Counterfeit Products remain disabled, and that Defendants' accounts remain frozen until further order by this Court.

**II. ARGUMENT**

    **A.    A Preliminary Injunction Extending Relief Already Granted in the TRO Is Appropriate.**

Plaintiff respectfully requests that this Court convert the TRO to a preliminary injunction to prevent further unlawful conduct by Defendants. This district, in addressing similar allegations of Internet-based counterfeiting, has also issued preliminary injunctions following a temporary restraining order. *See, e.g., Zuru (Singapore) Pte., Ltd. et al v. The Individuals, Corporations, Limited Liability Companies, and Unincorporated Associations Identified in Schedule A Hereto,* No.: 1:21-cv-02151, Document # 19 (N.D. Ill. May 20, 2021) (granting orders requested herein in a similar case involving plaintiffs' trademarks and copyright works); *Zuru (Singapore) Pte., Ltd. et al v. The Individuals, Corporations, Limited Liability Companies, and Unincorporated Associations Identified in Schedule A Hereto*, No.: 1:21-02180, Document # 39 (N.D. Ill. June 2, 2021) (same); *Zuru (Singapore) Pte., Ltd. et al v. The Individuals, Corporations, Limited Liability Companies, and Unincorporated Associations Identified in Schedule A Hereto,* No.: 1:21-02723, Document #23 (N.D. Ill. June 3, 2021) (granting orders requested herein in a similar case involving plaintiffs' trademarks and copyright works); *Creative Impact Inc. et al v. The 475 Individuals,*

3

*Corporations, Limited Liability Companies, Partnerships, and Unincorporated Associations Identified on Schedule A Hereto,* No.:1:19-cv-05907, Document #31 (N.D. Ill. Oct. 18, 2019) (granting orders requested herein in a similar case involving plaintiffs' trademark); *Creative Impact Inc. et al v. The Individuals, Corporations, Limited Liability Companies, Partnerships, and Unincorporated Associations Identified on Schedule A Hereto*, No. 1:18-cv-07531, Document # 30 (N.D. Ill. Dec. 21, 2018) (granting order requested herein in similar case involving plaintiffs' trademark).[1]

### B. This Court Has Already Found that the Requirements for a Preliminary Injunction Have Been Satisfied.

Because the standard for granting a TRO and the standard for granting a preliminary injunction are identical in this Circuit, the requirements for entry of a preliminary injunction extending the TRO have been satisfied. *See, e.g. Charter Nat'l Bank & Trust v. Charter One Fin., Inc.*, No. 1:01-cv-00905, 2001 WL 527404, at *1 (N.D. Ill. May 15, 2001) (citations omitted); *see also Bulgari, S.p.A. v. Partnerships & Unincorporated Associations Identified On Schedule "A,"* No. 14-CV-4819, 2014 WL 3749132, at *3 (N.D. Ill. July 18, 2014), report and recommendation adopted sub nom. *Bulgari, S.p.A. v. Partnerships & Unincorporated Associations Identified on Schedule 'A,',* No. 14 CV 4819, 2014 WL 3765854 (N.D. Ill. July 29, 2014). A temporary restraining order or preliminary injunction may be issued upon a showing that: "(1) there is a reasonable likelihood that Plaintiff will succeed on the merits; (2) Plaintiff will suffer irreparable injury if the order is not granted because there is no adequate remedy at law; (3) the balance of hardships tips in Plaintiff's favor; and (4) the public interest will not be disserved by the injunction." *Columbia Pictures Indus., Inc. v. Jasso*, 927 F. Supp. 1075, 1076 (N.D. Ill. 1996).

---

[1] Upon the Court's request, Plaintiff will provide the Court with any filings in the similar cases No.1:21-cv-02151, No. 1:21-02180; No. 1:21-02723, No.1:19-cv-05907 and No. 1:18-cv-07531.

Here, by virtue of this Court's entry of the TRO, it already found that the above requirements have been satisfied based on the initial pleadings. Despite notice having been given, no Defendants have appeared or challenged any of the well-pleaded allegations in Plaintiff's Complaint and supporting materials.

### C. The Equitable Relief Sought Remains Appropriate.

Under the Lanham Act, a court is authorized to issue injunctive relief "according to the principles of equity and upon such terms as the court may deem reasonable, to prevent the violation of any right of the registrant of a mark . . . ." 15 U.S.C. § 1116(a).

First, the order disabling the Defendant Domain Names remains appropriate. Plaintiff seeks a conversion of the TRO entered by this Court, directing the domain name registries for the Defendant Domain Names to disable the Defendant Domain Names and make them inactive and untransferable until further order by this Court. Such equitable relief prevents the Defendants from further offering for sale and sales of Counterfeit Products and provides notice to Defendants regarding these proceedings. Accordingly, Plaintiff respectfully requests that the injunctive relief already awarded be extended through the pendency of this case.

Second, the order disabling advertising of Defendants' Counterfeit Products remains appropriate. Plaintiff seeks a conversion of the TRO entered by this Court, directing Third Party Providers, as defined in the TRO, to disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of Counterfeit Products. Such equitable relief prevents the Defendants from further offering for sale and selling Counterfeit Products and provides notice to Defendants regarding these proceedings. Accordingly, Plaintiff respectfully requests that the injunctive relief already awarded be extended through the pendency of this case.

Plaintiff requests that the Defendant Domain Names remain disabled, that advertising of Defendants' Counterfeit Products remain disabled, and that Defendants' accounts remain frozen until further order by this Court.

Third, the asset restraining order remains appropriate. Plaintiff also requests conversion of the TRO to a preliminary injunction so that Defendants' accounts in financial institutions subject to this Court's jurisdiction remain frozen. Since entry of the TRO, Plaintiff has been working with the third parties to obtain information, including the identification of accounts linked to the Defendant Internet Stores that were offering for sale and/or selling products infringing the KIDS RIDE SHOTGUN Trademark and/or KIDS RIDE SHOTGUN IMAGES Copyrights. In the absence of a preliminary injunction, Defendants may and likely will attempt to move any assets from any accounts in financial institutions subject to the Court's jurisdiction, including PayPal accounts, to an offshore account. Therefore, Defendants' assets should remain frozen for the remainder of the proceedings.

Further, the amount of damages to which Plaintiff is entitled as set forth in the Complaint likely far exceeds any amount contained in any of the Defendants' frozen accounts. For example, Plaintiff's prayer for relief from each Defendant statutory damages of not less than $1,000 and not more than $2,000,000 for each and every infringement of Plaintiff's trademark and statutory damages of not less than $750 and not more than $30,000, which should be enhanced to a sum of not more than $150,000 due to Defendants' willful copyright infringement, for each and every infringement of Plaintiff's copyrights. In addition, and as established in Plaintiff's TRO Memorandum (Dkt. No. 10), many federal courts, including the Northern District of Illinois, have granted orders preventing the fraudulent transfer of assets. Accordingly, an order continuing to freeze the Defendants' assets should be granted.

## III. CONCLUSION

      In view of the foregoing, Plaintiff respectfully requests that this Court enter the preliminary injunction.

Dated: October 17, 2023

Respectfully submitted,

Boies Schiller Flexner LLP

By:   */s/ Genesis Shin*
      Genesis Shin
      2029 Century Park East
      Suite 1520N
      Los Angeles, CA 90067
      (213) 629-9040
      gshin@bsfllp.com

      *Attorney for Plaintiff*
      *Kids Ride Shotgun Limited*